UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUTO CLUB FAMILY<br>INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 05-5723 |
| CHRISTOPHER AHNER ET AL. | SECTION "J" (2) |

## HEARING AND ORDER ON MOTION

Non-parties Rimkus Consulting Group, Inc. and Rimkus Consulting Group, Inc. of Louisiana (collectively "Rimkus") filed a motion to quash a subpoena duces tecum served on them by defendants and plaintiffs-in-counterclaim, Christopher and Jennifer Ahner, and for a protective order. The subpoena was issued to Rimkus because Rimkus, on behalf of plaintiff and defendant-in-counterclaim, Auto Club Family Insurance Company, investigated the Hurricane Katrina-related damages to the Ahners' home that are the subject of this lawsuit. Rimkus agrees that it will respond to the subpoena by producing a hard copy of its entire file concerning its investigation, but it argues that it should not be required to produce its electronically stored information. Record Doc. No. 55. The Ahners filed a timely opposition memorandum. Record Doc. No. 70. Rimkus received leave to file a reply memorandum. Record Doc. Nos. 75, 77, 78. Auto

MJSTAR:    :20

Club also received leave to file a memorandum in support of Rimkus's motion.  Record Doc. Nos. 79, __.

At Rimkus's request, Record Doc. No. 58, oral argument was conducted on this date.  Participating were Ronald Kitto, representing Rimkus; John Denenea, Jr., Jack Morris, Michelle D. Robert and Richard C. Trahant, representing the Ahners; and Helen Babin, representing Auto Club.  Having considered the complaint, the record, the submissions of the parties, the arguments of counsel, and the applicable law, IT IS ORDERED that the motion is DENIED for the following reasons.

Fed. R. Civ. P. 26(c) and 45 govern this situation.  A party like Rimkus who seeks a protective order has a burden to make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998), in support of its motion.

Rule 45(d)(1) specifically allows discovery of a non-party's electronically stored information, as follows:

> (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
> (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
> (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

> (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, <u>the person from whom discovery is sought must show</u> that the information sought is not reasonably accessible because of undue burden or cost. <u>If that showing is made</u>, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 45(d)(1) (emphasis added).

Rimkus argues that, under Rule 45(d)(1)(C), it need not produce information in both paper and electronic forms. It states that it prefers to produce hard copies of its files rather than electronic data because those copies mimic the electronically stored data and are the form used by its own engineers and supplied to its clients. Rimkus contends in its reply memorandum that disclosure of its electronically stored information would compromise the authenticity and integrity of its engineering reports, which it always provides to clients in either printed form or PDF images, so as to preclude any alteration of its professional findings.

However, as Rule 45(a)(1) allows, subparts (1) and (3) of the subpoena request that the information be produced in electronic format. (It appears that Rimkus does not contest subpart (2) of the subpoena, which seems to seek paper copies only.)

"The mere fact that information which as a matter of ordinary course of one's business is electronically stored has been produced in functional equivalent, such as

3

through hard copy, does not in and of itself excuse a party from producing the requested information in electronic form." Cornell Research Found., Inc. v. Hewlett Packard Co., 223 F.R.D. 55, 73 (N.D.N.Y. 2003) (citing Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94CIV.2120, 1995 WL 649934, at *2 (S.D.N.Y. Nov. 3, 1995) (citing 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2218, at 452 & n.13)).  Rimkus has not provided any evidence to support its assertion that the authenticity of its engineering opinions, which were issued in final form this case in January, March and July 2006, might be compromised if the Ahners were permitted to discover its electronic files.  Thus, Rule 45(d)(1)(C) does not relieve Rimkus of its obligation to respond to the subpoena duces tecum by producing its relevant, non-privileged, electronically stored information in the requested electronic form.

Moreover, the paper copies that Rimkus has deliberately retained in its files are highly unlikely to contain all of the responsive material that was generated during its investigation of the Ahners' damages.

> The underlying assumption [with paper documents] is that the party retaining information does so because that information is useful to it, as demonstrated by the fact that it is willing to bear the costs of retention.  That party may therefore be expected to locate specific data, whether for its own needs or in response to a discovery request.  With electronic media, however, the syllogism breaks down because the costs of storage are virtually nil.  Information is retained not because it is expected to be used, but because there is no compelling reason to discard it.

Rowe Entertainment, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 429 (S.D.N.Y. 2002), aff'd, 2002 WL 975713 (S.D.N.Y. May 9, 2002).  This type of information may well include, for example, working papers, e-mails requesting clarification, rough drafts and similar materials that are neither incorporated in final reports nor, perhaps, deemed worthy of retention in hard copy.

Rimkus argues in its reply memorandum that Rule 26(b)(4) precludes the Ahners from seeking information from it by subpoena because it is Auto Club's retained expert and its former employee, Nickie G. Cammarata, has been listed as an expert trial witness by Auto Club.  Record Doc. No. 46, Auto Club's Witness and Exhibit List.  On the contrary, Rimkus's status as a party's testifying expert makes it more important, not less, that the facts and documents underlying its opinions be disclosed in response to a valid discovery request.

Indeed, Rule 26(a)(2) provides that parties must initially disclose, without awaiting a discovery request, the identity of any expert witness, "the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions."  Fed. R. Civ. P. 26(a)(2)(B). Although this court's scheduling order altered the deadline imposed by the Federal Rules by which parties must provide their expert reports, underlying data and exhibits, neither that order nor Rule 26(b)(4) precludes the Ahners from propounding a subpoena duces

5

tecum that seeks such underlying information as already exists. Rule 26(b)(4) only restricts when a party may depose its opponent's testifying and non-testifying experts or propound interrogatories to its opponent's non-testifying experts; it does not limit document requests.

Rimkus next contends that it is entitled to relief under Rule 45(d)(1)(D) because the requested electronic files are "not reasonably accessible" and production of these materials would be unduly burdensome and expensive. Rimkus asserts that the Ahners must show good cause to compel it to produce its electronic files and that the Ahners have not met their burden.

Rimkus misunderstands the burden of proof, which Rule 45(d)(1)(D) plainly sets forth. Initially, Rimkus must make an <u>evidentiary showing</u> that the data sought is not reasonably accessible because of undue burden or cost.[1] Rimkus has failed to provide any evidence to surmount this threshold. The statement of a lawyer in a memorandum that the electronic information is not readily accessible or that it would be unduly burdensome to comply with the request is not evidence. The Ahners are not required to show good cause to overcome Rimkus's unsupported assertions.

---

[1] <u>See also</u> Fed. R. Civ. P. 26(b)(2) (setting forth the same burden-shifting procedure with respect to discovery in general).

Moreover, as the party seeking a protective order, Rimkus has not borne its burden under Rule 26(c)(5) to make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements," In re Terra Int'l, 134 F.3d at 306, that the Ahners should be prohibited from seeking Rimkus's electronically stored information in electronic format.

Rule 45 and Rule 34, which governs requests for production of documents and tangible things from parties, were amended in tandem in 2006 to provide for routine discovery of electronically stored information from parties and non-parties.

> Rule 45(a)(1)(C) is amended to recognize that electronically stored information, as defined in Rule 34(a), can also be sought by subpoena. Like Rule 34(b), Rule 45(a)(1) is amended to provide that the subpoena can designate a form or forms for production of electronic data. Rule 45(c)(2) is amended, like Rule 34(b), to authorize the person served with a subpoena to object to the requested form or forms.

Fed. R. Civ. P. 45 advisory committee's note (2006).

The advisory committee's notes to Rule 34(a) "confirm that discovery of electronically stored information stands on equal footing with discovery of paper documents. . . . References elsewhere in the rules to 'electronically stored information' should be understood to invoke this expansive approach." Id. R. 34(a) advisory committee's note. Electronically stored information must be produced, "translated, if necessary, by the respondent into reasonably usable form." Id. R. 34(a).

Thus, it is not a valid ground for objection that relevant, non-privileged, electronic data can be produced in paper form, when the requesting party has specified production in an electronic format.  Rowe Entertainment, 205 F.R.D. at 428 (citing Simon Prop. Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 640 (S.D. Ind. 2000); Playboy Enters., Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); Daewoo Elecs. Co. v. United States, 650 F. Supp. 1003, 1006 (CIT 1986); Bills v. Kennecott Corp., 108 F.R.D. 459, 461 (D. Utah 1985)).

Inconsistently, Rimkus does not contest the relevance of the hard copies of its file, but argues that producing the file in electronic form will impose an undue burden and, in its reply memorandum, that the electronic information is not relevant.  I find that the information that the Ahners request is relevant to the claims and defenses of the parties and reasonably calculated to lead to the discovery of admissible evidence.

Like other courts that have addressed this issue, this court will not automatically assume that an undue burden or expense may arise simply because electronic evidence is involved.  "Electronic evidence is frequently cheaper and easier to produce than paper evidence because it can be searched automatically, key words can be run for privilege checks, and the production can be made in electronic form obviating the need for mass photocopying."  Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318 (S.D.N.Y. 2003)

(citing Shira A. Scheindlin & Jeffrey Rabkin, Electronic Discovery in Federal Civil Litigation:  Is Rule 34 Up to the Task?, 41 B.C. L. Rev. 327, 335-41 (2000)).

> In fact, whether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production).  In the world of paper documents, for example, a document is accessible if it is readily available in a usable format and reasonably indexed.  Examples of inaccessible paper documents could include (a) documents in storage in a difficult to reach place; (b) documents converted to microfiche and not easily readable; or (c) documents kept haphazardly, with no indexing system, in quantities that make page-by-page searches impracticable.  But in the world of electronic data, thanks to search engines, any data that is retained in a machine readable format is typically accessible.

Id. (citing Scheindlin & Rabkin, Electronic Discovery, 41 B.C. L. Rev. at 364).

Although Fed. R. Civ. P. 26(b)(3) is nowhere cited in either memorandum that Rimkus submitted, its counsel for the first time at oral argument appeared to argue that the requested materials were prepared in anticipation of litigation and therefore protected from discovery.  As with the other rules discussed above, Rule 26(b)(3) imposes burdens that Rimkus has failed to carry.

First, Rimkus failed to provide a privilege log as required by Rule 26(b)(5).  Second, Rimkus has not established that the requested materials are protected from discovery as a matter of law.  The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely

merely on a blanket assertion of privilege. High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985)); In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim.  This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . .  To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion.  The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . .  Although an attorney's word may be "taken on its face," a privilege claim is not self-executing.  It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Thus, any objection based on Rule 26(b)(3) may ultimately be sustained only if the objection is both properly asserted and the facts supporting it are established by evidence.  Rimkus bears the burden of proof on this claim.  The materials it has submitted do not by themselves establish that the requested information is privileged in any way.  The mere assertion of a lawyer in oral argument that materials were prepared

10

in anticipation of litigation <u>is not evidence</u> sufficient to bear the burden.  Morever, Rimkus's assertion that it was retained after litigation had begun is contradicted by Auto Club's statement in its own memorandum that it "hired Rimkus to inspect the [Ahners'] property prior to the initiation of litigation in this case."  Record Doc. No. 79-4, at p. 1.

      The court is cognizant that Rimkus is a non-party with no direct stake in this litigation and that non-parties in particular are entitled to protection from undue burden and expense.  However, Rules 45(d)(1)(D) and 26(c)(5) impose a burden of proof upon Rimkus to show that the requested electronically stored information is unduly burdensome to produce.  Rimkus has offered no evidence of any kind sufficient to satisfy this burden.  Accordingly, IT IS ORDERED that Rimkus's motion to quash and for protective order is DENIED, except that the information to be produced will be subject to the following protective order.

      All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation.  All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms.

The only relief sought in this motion is an order quashing the subpoena altogether insofar as it requests the production of electronically stored data. It is that request which is denied. At oral argument, movants' counsel could not himself quantify or provide any evidence sufficient to show that requiring the requested production would subject Rimkus to undue burden or cost. It appeared from the statements of Rimkus's counsel at oral argument that the requested production could be made by Rimkus with the use of in-house personnel and resources that would <u>not</u> unreasonably exceed the ordinary kinds of expenses that subpoena recipients are typically expected to bear. If Rimkus can prove that responding to this subpoena imposes unreasonable burden or costs upon it as a non-party, it may file a new motion, <u>supported by evidence</u>, seeking to impose some or all of such costs upon the parties who issued the subpoena. Fed. R. Civ. P. 26(c)(2), 45(c).

Accordingly, IT IS ORDERED that, within ten (10) days of entry of this order, counsel for the parties must arrange for the production of the requested electronically

stored materials to the extent, in the manner and in accordance with the procedures described by movants' counsel during oral argument.

New Orleans, Louisiana, this __29th__ day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE