UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 05-5723 |
| CHRISTOPHER AHNER, ET AL. | SECTION: "J" (2) |

**ORDER**

Before the Court is Auto Club Family Insurance's Motion to Reset as a Jury Trial (Rec. Doc. 48). For the reasons stated below, the motion is **DENIED**.

**Background**

This case is scheduled for trial without a jury on Thursday, October 18, 2007. Auto Club has moved to reset the case for trial with a jury and claims that they have twice demanded trial by jury. However, Auto Club claims they inadvertently allowed the case to be scheduled without a jury. The Ahners oppose the motion, and claim that Auto Club has waived its right to a jury trial and that to reset now as a jury trial would be prejudicial.

This case began in November 2005, when Auto Club filed suit against the Ahners seeking a Declaratory Judgment as to what

damages alleged by the Ahners were covered under the homeowners insurance policy. In January 2006, the Ahners answered the complaint and filed a counterclaim seeking payments under the policy for property lost during Hurricane Katrina. Neither the claim or the counterclaim included a jury trial demand.

On March 3, 2006, the Ahners filed a First Supplemental and Amended Counterclaim asserting that the Louisiana VPL applied to their claim. Auto Club answered the counterclaim on March 17, 2006, and stated for the first time a demand for a trial by jury. The answer provided in pertinent part that "AAA adopts its previous request for Trial by Jury." (Rec. Doc. 9 at 1). On March 20, 2007 Auto Club filed an answer to the supplemental counterclaim, providing that Auto Club requests a trial by jury. (Rec. Doc. 10 at 2).[1]

On April 17, this Court transferred the case to Section "R" for disposal of the VPL claims. After the VPL claims were dismissed, the case was reassigned to this Section. A new scheduling order was issued on February 15, 2007, setting trial without a jury on October 18, 2007.

## Discussion

The *Federal Rules of Civil Procedure* address the right of a

---

[1] It is worth noting, that the Scheduling order in place at the time of the answers set trial for September 11, 2006 WITHOUT a jury. (Rec. Doc. 5 at 2).

2

trial by jury in Rules 38 and 39.  Rule 38 preserves the right of a trial by jury as declared by the Seventh Amendment to the Constitution.  F ED. R. C IV. P. 38(a).  The rule continues specifying the ways in which a party can demand a jury trial and how a party may waive a jury trial.  F ED. R. C IV. P. 38(b), (d).  Rule 39 provides that even if a jury trial is not demanded as set out in Rule 38, the Court may, in its discretion order a trial by jury upon motion by either party.  F ED. R. C IV. P. 39(b).  Therefore, it is necessary to first consider whether Auto Club properly requested a jury trial under Rule 38.  If they have not then the Court has discretion on whether to order a jury trial right under Rule 39.

**Rule 38**

As noted in background, the first time that Auto Club requested a jury trial was in reply to the Counterclaim on March 17, 2006.  The Ahners claim that the Auto Club's request on March 17 was untimely because it was 10 days after  "the service of the last pleading directed to such an issue."  The Federal Rules provide that

> Any party may demand a trial by jury of any issues triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than

10 days after the service of the last pleading directed to such issue, and filing the demand as required by Rule 5(d).

FED. R. CIV. P. 38(b)

The Ahners claim that their amended counter claim and counter claim did not add new facts that would allow the 10 day clock to be reset. The Fifth Circuit has held that "the last pleading in Rule 38 usually means an answer or a reply to a counterclaim." *McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1339 (5th Cir. 1995)(*citing McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990)). However, "where an amended complaint merely adds new allegations based upon the same facts as the original complaint, the amended complaint filed more than 10 days after the last pleading directed to issues triable by jury does not entitle a party to a jury demand of right." *Chauvin v. Tandy Corp.*, No. 91-4628, 1992 WL 59416 (E.D. La. March 16, 1992)(*citing Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990)).

In this case, the Ahner's supplemental and amended counterclaim merely added new theories of recovery based upon the same facts alleged in the original complaint. The Ahner's did not allege new facts in their supplemental counterclaim, nor did the allege new facts in their counterclaim. Therefore under

Fifth Circuit precedent, the original counterclaim filed on January 24, 2006 was the last pleading directed to an issue triable by a jury. Auto Club would have had to file a jury demand no later than February 3, 2006. Accordingly, Auto Club's request for jury demand is untimely under Rule 38.

**Rule 39**

Rule 39(b) of the *Federal Rules of Civil Procedure* provides that

> Issues not demanded for trial by jury as provided in rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court, inits discretion upon motion may order a trial by a jury of any or all issues."

The right to a jury in federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system, and when the discretion of the court is invoked under Rule 39(b) the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964)(*citing Albert v. R.P. Farnsworth & Co.*, 176 F.2d 198, 203 (5th Cir. 1949)); *Istre v. Williams*, Nos. 00-1203, 00-2170, 2000 WL 1473595 (E.D. La. Sep.

29, 2000)(Barbier, J.)

   The Ahners cite *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) for the proposition that when a party waives a jury trial right under 38(b) and fails to move for relief under 39(b) then he is not entitled to a jury trial.  The Ahner's reliance on *Jackson* is misplaced.  In *Jackson*, the court considered a prisoner who filed a § 1983 claim. The claim was referred to the magistrate who issued his report and recommendation finding for the State.  The district court adopted the magistrate's report.  The court is not clear, but at some point the district court issued a show cause order, and petitioner filed a motion to reconsider the order.  In his motion for reconsideration is the first mention in the record of a jury demand.  Petitioner never moved the court for a jury demand at all, under any rule of Civil Procedure.  Therefore *Jackson* merely holds that a party must move for a jury trial if the time period under Rule 38 is passed.  Auto Club has so moved, and therefore the Court is well within its bounds to construe the motion as a rule 39 motion.  *See Daniel Int'l Corp. v. Fishbach & Moore, Inc.*, 916 F.2d 1061, 1062-64 (5th Cir. 1990)(holding that even though movant did not move under Rule 39, the wording of the rule permitted a district court discretion to relieve a party from waiver of a jury trial right.)

In *Daniel*, the Fifth Circuit enumerated five factors that a district court should consider in the exercise of discretion under Rule 39.  The factors are:

(1) Whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

The Ahners focuses on factors 2 and 5 as compelling reasons why the Court should not grant the motion for a jury trial.

The Court's schedule would be disrupted by changing the case to a jury trial.  The trial is currently set for Thursday.  This Court sets jury trials for Mondays because that is the only day that a jury pool is gathered.  It would be inefficient to pick a jury on Monday, and then send them home to return on Thursday. Additionally, this Court already has a full docket on the next Monday with nine cases currently set for trial on that day. Finally, counsel have indicated that trial in this matter is

7

expected to last two days. The Court's experience is that jury trials necessarily last longer, as the process of picking a jury, and making opening and closing statements can take some time. Therefore, Thursday is not a particularly good day to start a jury trial, especially one that could easily last over the weekend.

Therefore resetting as a jury trial would necessitate a continuance to move the case to a Monday. This factor by itself is a strong and compelling reason to deny a Rule 39 motion. *See Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990). In *Richardson*, the Fifth Circuit held that a district court's denial of a rule 39 motion on the basis that it would necessitate a continuance was within its discretion despite the fact that a continuance was later issued. *Id.* The court determined that when the petitioner did not reurge his motion for a jury trial at the continuance, the district court was not obligated to raise it sua sponte. In *Lewis v. Thigpen*, 767 F.2d 252, 260 n.12 (5th Cir. 1985), the Fifth Circuit indicated that disruption of a court's schedule is reason enough, by itself, to deny a Rule 39 motion.

The other reasons cited by the Ahners bolster the conclusion that there are strong and compelling reasons to deny the motion. The reason for the delay that Auto Club's counsel cites is mere

8

inadvertence.  The Fifth Circuit has held that a trial court does not abuse its discretion when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party.  *Lewis*, 767 F.2d at 257 (*citing Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)).  Finally, it appears to the Court that the Ahners would be prejudiced by a change to a jury trial.  The trial date is a mere seven weeks away.  This Court's experience is that attorneys prepare for jury trials differently than they would prepare for a bench trial.  A switch to a jury trial would undoubtedly change the preparation strategy of the Ahners.  To force such a change this close to the trial date would be prejudicial.

Due to the disruption that the change from a nonjury to a jury trial would have on the Court's docket, the reason for the delay in requesting a jury, and the prejudice to the Ahners, the Court finds that there are strong and compelling reasons to deny the motion to grant a jury trial under rule 39.

Accordingly,

**IT IS ORDERED** that Auto Club's Motion to Reset as a Jury Trial (Rec. Doc. 48) is **DENIED.**

New Orleans, Louisiana this the 31st day of August, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9